UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP C. NAVARRO, | ) | CASE NO. ED CV 05-00997 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff's first of two challenges to the underlying decision denying disability benefits is that the Administrative Law Judge failed to give proper weight to, or a proper explanation for discounting, the view of treating psychiatrist Mehar Gill, M.D. Dr. Gill found significantly greater non-exertional limitations on Plaintiff's ability to work than did two consultative examiners. An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). Moreover, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the Administrative Law Judge explained that he found Dr. Gill's opinion unpersuasive because it was "unsupported by objective medical findings. Indeed, [Dr. Gill's] treatment notes at [AR 277-89] do not document significant symptoms which would justify [his] functional assessment. Dr. Gill's assessment is simply not credible and is given little weight." AR 104. In addition, the judge noted, Dr. Gill's scope of care appeared not to qualify him to opine about Plaintiff's abilities and limitations, because he (Dr. Gill) "routinely observed that he was seeing the claimant for medications refill instead of psychiatric care." Administrative Record (AR) 17-18; *see* AR 277-89. Plaintiff does not dispute the lack of objective medical findings to support Dr. Gill's opinion but asserts that such requirements should be relaxed in the field of psychiatry. The Court disagrees. Because the underlying opinion supplied specific, legitimate reasons for preferring the consultative examiners' views – which were supported by objective medical evidence – over those of Dr. Gill, reversal or remand is not appropriate.

Plaintiff's second claim is that a hypothetical question posed to the vocational expert was prejudicially incomplete. But Plaintiff bases this claim on the omission of Dr. Gill's conclusions from that question. Because the Court has determined that it was not error to discount Dr. Gill's opinion, this second claim necessarily fails along with the first.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 17, 2007

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE